UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DESHAWN ST. CLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-379-PLC |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff DeShawn St. Clair for leave to proceed *in forma pauperis* in this civil action. The Court has considered the motion and the financial information provided therein, and has determined to grant the motion. Additionally, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff states he invokes this Court's federal question jurisdiction over this action, and he writes: "Malicious prosecution, defamation of character, false imprisonment, and First Amendment." (Docket No. 1 at 3). On the Civil Cover Sheet plaintiff filed with the complaint, he indicated the nature of his suit as civil rights. While plaintiff does not cite a particular statute authorizing his lawsuit, the Court will liberally construe plaintiff's complaint as brought pursuant to 42 U.S.C. § 1983, which authorizes suit to redress deprivations of rights, privileges or immunities secured by the United States Constitution. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004), *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978).

In the caption of the complaint, plaintiff named the City of St. Louis, Missouri as the defendant. However, elsewhere in the complaint, he identifies the defendant as the City of St.

Louis Police Department. The Court will address plaintiff's allegations as they relate to both of these entities.

In setting forth his claim for relief, plaintiff writes:

> Simply put, defamation of character refers to a false statement communicated to a third-party, which ultimately causes damage and harm to my reputation. Falsely imprisoned due to false accusations without a legal or lawful arrest.

*Id.* at 5. Plaintiff seeks monetary relief.

## Discussion

This action will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2). To the extent plaintiff intends to sue the City of St. Louis, his allegations fail to state a viable claim for relief because he makes no attempt to allege that an alleged constitutional violation resulted from an official municipal policy, custom, or deliberately indifferent failure to train or supervise. *See Monell*, 436 U.S. 658, *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). To the extent plaintiff intends to sue the St. Louis Metropolitan Police Department, the complaint is legally frivolous because the St. Louis Metropolitan Police Department is a department of City government, not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed. App'x. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Finally, plaintiff's statement of claim contains only the conclusory statement that he was falsely imprisoned pursuant to an illegal arrest, and a general statement regarding the definition of defamation of character. Absent any factual underpinning, plaintiff's allegations amount to legal conclusions that are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as

true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Not only has plaintiff failed to allege facts tending to establish municipal liability and attempted to bring claims against an entity that cannot be sued, he has failed to provide any facts that describe the manner in which his constitutional rights were violated, or give even the barest notice of any federal cause of action. Plaintiff completed his complaint on a court-provided form, which explicitly directed him to allege facts in support of his claims, including what happened to him, where and when it happened, and what injuries he suffered. Plaintiff obviously made no attempt to follow those instructions. The Court concludes that it would be futile to permit plaintiff time to amend his complaint, as there is no basis to conclude he would attempt to cure the complaint's deficiencies. The Court will therefore summarily dismiss this action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of April, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE